**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| IVAN DAVID CAMARGO MONTOYA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02429-TLP-cgc |
| v. | ) | |
| | ) | |
| MARKWAYNE MULLIN and | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pro se Petitioner Ivan David Camargo Montoya, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee since November 18, 2025, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.)  The Court ordered Respondent to show cause why the Writ should not be granted.  (ECF No. 6.)  Respondent responded.  (ECF No. 9.)  Petitioner replied.  (ECF Nos. 12.)  For the reasons below, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a Venezuelan citizen, entered the United States in 2024.  (ECF No. 2 at PageID 2–3.)  He applied for asylum in the United States.  (*Id.* at PageID 3.)  And he claims to have no criminal history.  (ECF No. 12 at PageID 68.)  In November 2025, the United States Immigration and Customs Enforcement ("ICE") "apprehended" Petitioner.  (ECF No. 9 at PageID 34.)  The Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, charging him under 8 U.S.C. § 1225(b).  (*Id.*)  Petitioner is currently in ICE custody at the West Tennessee Detention Center in Mason, Tennessee.  (*Id.* at PageID 35.)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided him a bond hearing. (*See generally* ECF No. 2.) Instead, DHS and EOIR determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings. (*See id.*) Petitioner alleges that his detention under § 1225(b) violates the Immigration and Nationality Act and his Fifth Amendment right to due process. (ECF No. 2 at PageID 6–8.) He asks the Court to grant the Petition and order his immediate release. (ECF No. 12 at PageID 71.)

## ANALYSIS

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. *Lopez-Campos*, 2026 WL 1283891, at *13. The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion. *Id.* at *6. "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process." *Id.* at *13.

Respondent concedes that "*Lopez-Campos* controls the outcome of this matter."[1] (ECF No. 13 at PageID 76.) But Respondent asks the Court to order that Petitioner receive a bond

---

[1] Even still, Respondent argues that the Court should require Petitioner to exhaust his administrative remedies before ruling on the Petition. (ECF No. 13 at PageID 77.) The Court has rejected this same argument countless times and need not re-explain its reasoning. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026).

hearing "within 10 business days, and if that does not occur, Petitioner should be released from custody." (*Id.* at PageID 77.)

The Court **GRANTS** the Petition.  Petitioner's detention not only violated procedural due process but deprived him of liberty since November 2025.  He is therefore entitled to immediate release.  *See, e.g.*, *Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

**<u>CONCLUSION</u>**

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner immediately.

**SO ORDERED**, this 26th day of May, 2026.

         s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

3
